UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
CESAR BARRIOS,                                              :
                                                            :
                       Plaintiff,                                :
                                                            :   20-cv-03798 (BMC)
       - against -                                     :
                                                            :   **SUPPLEMENTAL FINDINGS AND**
ABC CORPORATION, d/b/a MARIO'S                              :   **CONCLUSIONS REGARDING**
PIZZA CHICKEN & GRILL, and                                  :   **DAMAGES**
AHMADI MOHIDDIN,                                            :
                                                            :
                      Defendants.                               :
----------------------------------------------------------- X

**COGAN**, District Judge.

       The Court held a bench trial in the above matter on October 16 and 17, 2023. At the conclusion of trial, I issued a ruling from the bench that, inter alia, found in favor of plaintiff on his Fair Labor Standards Act and New York Labor Law overtime claims as to liability. I then asked plaintiff's counsel to "take the low end of plaintiff's testimony" and file a "spreadsheet computing out the damages for the unpaid overtime." Plaintiff's counsel did so, and defense counsel has filed a response. In light of those submissions, I make the following supplemental findings and conclusions regarding damages:

       1.     Using a 40-hour-workweek calculation, plaintiff used the $425/hour rate to reach an hourly rate of $10.63 and an overtime rate of $15.94. Multiplied by 301.8 weeks at 20 hours of overtime/week, the total overtime owed amounts to $96,216,96.

       2.     Using a total-hours-worked calculation (here, 60 hours/week), defendant used the $425/hour rate to reach an hourly rate of $7.08 and overtime rate of $10.62. Multiplied by 302 weeks at 20 hours/week, the total overtime owed amounts to $21,311.32.

1

3. Both proposals are too extreme. Plaintiff's proposed damages are too high, given the inconsistencies in plaintiff's testimony about the number of hours he worked per week and his hourly rate. On the other hand, defendant's proposed damages are too low, relying on an hourly rate that does not even amount to half of New York's minimum wage.[1] Despite that plaintiff did not make minimum wage claims in this case, I would be remiss not to at least acknowledge those provisions because those types of claims arise under the same statutes as those at issue here.

4. As a middle ground, the Court will use the 40-hour-workweek method and a weekly rate of $350/week. The parties agree that plaintiff worked 20 hours of overtime per week for 302 weeks, so the Court will use those figures.

5. With respect to the 40-hour-workweek method, "there is a rebuttable presumption that a weekly salary covers 40 hours; the employer can rebut the presumption by showing an employer-employee agreement that the salary covers a different number of hours." Quiroz v. Luigi's Dolceria, Inc., No. 14-cv-871, 2016 WL 2869780, at *3 (E.D.N.Y. May 17, 2016). Defendant's assertion that the Court should use the total-hours-worked methodology is unpersuasive. His statement that the 40-hour-workweek method has been "discarded" in recent years is simply wrong. See, e.g., Ramirez v. Union Construction LLC, No. 22-cv-3342, 2023 WL 3570639, at *5 (S.D.N.Y. May 19, 2023); Newman v. West Bar & Lounge, Inc., No. 20-cv-1141, 2021 WL 2401176, *10 (E.D.N.Y. June 11, 2021); Nam v. Ichiba Inc., No. 19-cv-1222, 2021 WL 878743, at *8 (E.D.N.Y. March 9, 2021). So is defendant's unsupported statement that plaintiff testified that his salary was intended to cover all of the work he performed. Therefore, I will use the 40-hour-workweek method.

---

[1] I will not dignify defendant's first proposal – which uses an hourly rate of $5.83 – with a discussion here.

2

6. With respect to the $350 weekly rate, as mentioned above, I instructed the parties to submit proposals representing "the low end" of plaintiff's testimony. $350/week is the low end of plaintiff's weekly rate. I understand that plaintiff testified to receiving raises from the original $350/week rate that culminated in a $425/week rate. However, plaintiff could not even provide a general time period – let alone a particular year – when he received these raises. Further, the only documentary evidence admitted (plaintiff's employment letters) state that his weekly rate was $350 in 2019, which was late in plaintiff's employment period. Therefore, I will use the $350/week rate.

7. Using the 40-hour-workweek method and the $350/week rate, I calculate plaintiff's hourly rate to be $8.75, and his overtime rate (i.e., "time and a half") to be $13.13. Multiplied by 302 weeks and 20 hours/week, I calculate plaintiff's total unpaid overtime wages to be $79,305.20. I acknowledge that $8.75 is a relatively low hourly rate, but the total amount is quite close to plaintiff's proposed damage amount (which makes sense, given my respective credibility determinations of plaintiff and defendant). Plaintiff is thus awarded $79,305.20 in unpaid overtime wages under the FLSA and NYLL.

8. Plaintiffs also seek liquidated damages under the FLSA and NYLL. District courts are "generally required" to award a plaintiff liquidated damages equal in amount to actual damages under the FLSA. See Barfield v. N.Y. City Health and Hosps. Corp., 537 F.3d 132, 150 (2d Cir. 2008). In the limited circumstance where an employer shows it has acted in "good faith" and "had reasonable grounds for believing that his act or omission was not a violation" of the FLSA, the district court can exercise discretion to deny liquidated damages. 29 U.S.C. § 260. It would be ridiculous to find that defendant acted in good faith toward plaintiff when he denied

3

employing plaintiff entirely.  For that reason, plaintiff is awarded $79,305.20 in liquidated damages under the FLSA.[2]

9.      Finally, I note that the case caption includes one corporate defendant and one individual defendant.  With respect to the corporate defendant, its name will appear in the judgment as it does above because plaintiff never asked the Court to substitute the real name of the corporate defendant, nor did he submit any evidence as to what that name is.

Accordingly, the Clerk is directed to enter final judgment in favor of plaintiff and against ABC Corporation, d/b/a MARIO'S PIZZA CHICKEN & GRILL, and Ahmadi Mohiddin, jointly and severally, in the amount of $158,610.40.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       November 2, 2023

---

[2] Plaintiff does not distinguish between liquidated damages sought under the FLSA versus the NYLL.  In any event, plaintiff is not entitled to double recovery, i.e., liquidated damages under both statutes.  See Chowdhury v. Hamza Express Food Corp., 666 Fed. Appx. 59, 60 (2d Cir. 2016) ("New York's [labor] law does not call for an award of New York liquidated damages over and above a like award of FLSA liquidated damages.")